IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| HUGO CESAR GRANADOS, § | | |
| Petitioner, § | | |
| § | | |
| v. § | | Cause No. EP-24-CV-235-DCG |
| § | | |
| S. HIJAR, Warden, § | | |
| Respondent. § | | |

## MEMORANDUM OPINION AND ORDER

Hugo Cesar Granados, Federal Prisoner Number 43734-509, challenges his sentence through a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. Pet'r's Pet., ECF No. 1. His petition is dismissed without prejudice for the following reason.

### BACKGROUND AND PROCEDURAL HISTORY

Granados is a 63-year-old inmate currently confined at the La Tuna Federal Correctional Institution in Anthony, Texas, which is within the jurisdiction of this Court. *See* Bureau of Prisons, Find an Inmate, www.bop.gov/inmateloc (search for Reg. 43734-509, last visited July 12, 2024). His projected release date is November 4, 2033. *Id.*

Granados was found guilty on one count of conspiracy to defraud the United States and three counts of aiding and assisting in the preparation and presentation of false documents. *United States v. Granados*, 6:21-cr-15-H-1 (N.D. Tex.), J. Crim. Case, ECF No. 216. His convictions arose from his activities as the owner of a tax service which operated from El Paso and three other cities in Texas. In short, Granados falsified his clients' income-tax returns and filed them with the Internal Revenue Service as part of his scheme to profit from fraudulent tax refunds. He was sentenced to 168 months' imprisonment. *Id.*

On appeal, Granados argued "the district court erred by preventing a full cross-examination of a witness." *United States v. Granados*, No. 22-11181, 2024 WL 3181456, at *1 (5th Cir. June

26, 2024). He also maintained "the district court violated his right to self-representation." *Id*. His arguments were rejected by the Fifth Circuit Court of Appeals, and his conviction was affirmed on June 26, 2024. *Id.* He has not yet filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in the trial court.

Granados asserts two claims in his § 2241 petition. Pet'r's Pet., ECF No. 1. He first contends the United States (the Government) violated his constitutional rights by investigating him without probable cause. *Id*. at 2. He also maintains the Government relied on false, perjured, and suborned testimony at the grand jury and at his trial in order to convict and deprive him of his liberty. *Id*. He asks the Court to "award the writ or issue an order directing the respondent to show cause why the writ should not be granted." *Id.* at 4.

## APPLICABLE LAW

"A section 2241 petition for habeas corpus on behalf of a sentenced prisoner attacks the manner in which his sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). To prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c).

When a court receives a § 2241 petition, it accepts a petitioner's allegations as true during its initial screening. 28 U.S.C. § 2243; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). It also evaluates a petition presented by a *pro se* petitioner under more a lenient standard than it applies to a petition submitted by counsel. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But it must still find "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 556.

Upon completing the initial screening, a court must "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

## ANALYSIS

Granados does not challenge "the manner in which his sentence is carried out or the prison authorities' determination of its duration." *Pack*, 218 F.3d at 451. He challenges his conviction and sentence by claiming the Government violated his constitutional rights when it investigated him without probable cause and relied on false, perjured, and suborned testimony to convict him. Pet'r's Pet., ECF No. 1 at 2.

A federal prisoner who wants to challenge his conviction or sentence must generally seek relief through a 28 U.S.C. § 2255 motion. *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005). He may raise his claims in a § 2241 petition only if they fall within the "savings clause" of § 2255(e):

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added).

"Traditionally, courts have treated the saving clause as covering unusual circumstances in which it is impossible or impracticable for a prisoner to seek relief from the sentencing court." *Jones v. Hendrix*, 599 U.S. 465, 474 (2023). Additionally, a § 2255 motion is deemed adequate unless the petitioner relies on (1) newly discovered evidence or (2) a new rule of constitutional law. *Id.* at 469 (citing § 3355(h)). "The inability of a prisoner with a statutory claim to satisfy those

conditions does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all." *Id.* at 480. Finally, when a § 2241 petitioner cannot satisfy the savings clause requirements, the proper disposition is dismissal of the petition for lack of jurisdiction. *Christopher v. Miles*, 342 F.3d 378, 379, 385 (5th Cir. 2003).

It appears from Granados' petition that he "has failed to apply for relief, by motion, to the court which sentenced him." 28 U.S.C. § 2255(e). Moreover, Granados provides nothing in his petition to indicate that "unusual circumstances make it impossible or impracticable to seek relief in the sentencing court." *Jones*, 599 U.S. at 478. He does not rely on newly discovered evidence or a new rule of constitutional law to justify granting him relief. And he has not yet filed a § 2255 motion to vacate his sentence in the trial court. Finally, he offers no credible explanation as to why the sentencing court could not address his issues.

## CONCLUSION AND ORDERS

The Court concludes that Granados cannot meet his burden of demonstrating the inadequacy or ineffectiveness of a § 2255 motion to test the legality of his sentence. *See Pack*, 218 F.3d at 451. As a result, the Court further concludes that it plainly appears from Granados' petition that he is not entitled to relief under the "savings clause" of § 2255(e), and the Court, therefore, does not have the jurisdiction necessary to address his claims. The Court accordingly enters the following orders:

**IT IS ORDERED** that Hugo Cesar Granados' *pro se* "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241" (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED**.

**IT IS FURTHER ORDERED** that, to the extent Hugo Cesar Granados' petition is construed as a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255, he is **DENIED** a certificate of appealability.

**IT IS FURTHER ORDERED** that Hugo Cesar Granados' case is **CLOSED**.

**SIGNED** this **31ˢᵗ** day of July 2024.

_____
**DAVID C. GUADERRAMA**
**SENIOR UNITED STATES DISTRICT JUDGE**